# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>QUINCY LAMONT BROCK,<br><br>*Defendant.* | CASE NO. 3:22-cr-00001<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>JUDGE NORMAN K. MOON |

## I.     Introduction

This matter comes before the Court on Defendant Quincy Lamont Brock's Motion to Dismiss First Superseding Indictment against him. Dkt. 66. Defendant has been indicted on two counts of Conspiracy to Commit Hobbs Act Robbery under 18 U.S.C. § 1951(a) (Counts One and Four), two counts of Hobbs Act Robbery under 18 U.S.C. § 1951(a) (Counts Two and Five), and two counts of Use of Firearm in the Commission of a Hobbs Act Robbery under 18 U.S.C. § 924(c) (Counts Three and Six). Dkt. 3 ¶¶ 1–6; Dkt. 60 ¶¶ 7–12.

Defendant's Motion to Dismiss asks the Court to dismiss Counts One through Six of the First Superseding Indictment. Dkt. 66. Defendant argues that the indictment fails to plead facts sufficient for the Court to invoke subject matter jurisdiction under Fed. R. Crim. P. 12(b)(2), and alternatively, even if the facts are sufficient for the Court to exercise jurisdiction, the indictment lacks specificity under Fed. R. Crim. P. 12(b)(3)(B)(iii) and fails to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v). *See* Dkt. 66 & 115, n.1.

For the reasons described below, the Court **DENIES** Defendant's Motion to Dismiss.

## II.     Background

Count One of the First Superseding Indictment is for "Conspiracy to Commit Hobbs Act Robbery," in violation of 18 U.S.C. § 1951(a). Dkt. 60 ¶¶ 1–2. The Government alleges that "on or about August 20, 2021," Defendant Brock, and three other Defendants, Markel Corevis Morton, Corey Raymont Kinney, and Adrian Chevarr Anderson, "did knowingly and willfully conspire and agree together to unlawfully obstruct, delay, and affect and attempt to obstruct, delay, and affect commerce … and the movement of articles and commodities in commerce, by robbery" and "that the defendants did knowingly and willfully conspire and agree to take and obtain property from the person and in the presence of *S.H.D.*, against her will, by means of actual and threatened force, violence, and fear of injury, immediate and future." *Id.* ¶ 1 (emphasis added).

Count Two is for "Hobbs Act Robbery," in violation of 18 U.S.C. § 1951(a). *Id.* ¶ 3. Under this Count, the Government further claims that on or about August 20, 2021, Defendant Brock and the other Defendants "did unlawfully obstruct, delay, and affect commerce [under 18 U.S.C. § 1951(b)(3)], and the movement of articles and commodities in such commerce, by robbery," as Defendants "unlawfully t[ook] and obtain[ed] property from the person and in the presence of *S.H.D.*, against her will, by means of actual and threatened force, violence, and fear of injury, immediate and future." *Id.* ¶ 3 (emphasis added).

Count Three is for "Use of Firearm in the Commission of a Hobbs Act Robbery," 18 U.S.C. § 924(c). *Id.* ¶ 5. In this Count, the First Superseding Indictment alleges that the Defendants, including Defendant Brock, "used, carried, and brandished a firearm, and in furtherance of [Count Two], possessed and brandished a firearm." *Id.* ¶ 5.

Count Four is for "Conspiracy to Commit Hobbs Act Robbery," in violation of 18 U.S.C. § 1951(a). *Id.* ¶¶ 7–8. On or about August 20, 2021, the Government alleges that Defendant

Brock and the three other Defendants, Markel Corevis Morton, Corey Raymont Kinney, and Adrian Chevarr Anderson, conspired in the Western District of Virginia to "unlawfully obstruct, delay, and affect and attempt to obstruct, delay, and affect commerce [under 18 U.S.C. § 1951(b)(3)], and the movement of articles and commodities in commerce, by robbery" and "take and obtain property from the person and in the presence of *O.B.* and others, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future." Dkt. 60 ¶ 7 (emphasis added).

Count Five is for "Hobbs Act Robbery," in violation of 18 U.S.C. § 1951(a). *Id.* ¶ 3. On or about August 20, 2021, the Government alleges the Defendants "unlawfully t[ook] and obtain[ed] property in the presence of *J.H.*, a relative, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future." *Id.* ¶ 9 (emphasis added).

Lastly, Count Six is for "Use of Firearm in the Commission of a Hobbs Act Robbery," 18 U.S.C. § 924(c). *Id.* ¶ 5. In that count, the First Superseding Indictment alleges that the Defendants, including Defendant Brock, "used, carried, and brandished a firearm, and in furtherance of [Count Five], possessed and brandished a firearm." *Id.* ¶ 9.

### III.   Legal Standard

A criminal defendant may file a motion to dismiss an indictment for several reasons, including for "lack of specificity," Fed. R. Crim. P. 12(b)(3)(iii), "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(v), and lack of jurisdiction, Fed. R. Crim. P. 12(b)(2). In ruling on a motion to dismiss the indictment, the Court must accept all factual allegations in the indictment as true. *See Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952). Moreover, the Court must construe the indictment in a "practical" rather than "purely technical" manner,

"[a]pplying a liberal standard in support of sufficiency." *United States v. Matzkin*, 14 F.3d 1014, 1019–20 (4th Cir. 1994) (citations omitted).

Under Fed. R. Crim. P. 7(c)(1), an indictment must contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." Specifically, an indictment is "legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." *United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir. 2011); *see United States v. Palin*, 874 F.3d 418, 423–24 (4th Cir. 2017). "When the words of a statute are used to describe the offense generally [in an indictment], they 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *Id*. (citing *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002) (citation omitted).

Under Fed. R. Crim. P. 12(b), a district court may dismiss an indictment "where there is an infirmity of law in the prosecution." *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012). Additionally, an indictment is invalid if it fails to include every essential element of an offense. *See Palin*, 874 F.3d at 424 (internal quotations omitted). However, a district court should not dismiss an indictment based on "facts that should" be "developed at trial." *Engle*, 676 F.3d at 415. Rather, motions to dismiss indictments should generally be denied unless "the allegations therein, even if true, would not state an offense." *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004).

### IV. Analysis

Defendant raises three grounds to dismiss the First Superseding Indictment under Fed. R. Crim. P. 12(b). Dkts. 66 & 115. The Court addresses each argument in turn.

**A. Claim for Motion to Dismiss for Failing to State an Offense under Fed. R. Crim. P. 12(b)(3)(B)(v)**

Defendant argues that the First Superseding Indictment should be dismissed for failing to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v). Dkt. 66 at 1. Specifically, he argues that the alleged robberies of private residences in Counts One through Six do not demonstrate activities that affect interstate commerce as required under the Hobbs Act and do not state an offense as a matter of law. *Id.* at 6–8. In support of this argument, he states that the "indictment makes no allegation that S.H.D. is a drug dealer, or that J.H … or is a drug dealer." *Id.* at 5. As such, he claims that the Court should dismiss the First Superseding Indictment because it fails to allege an element required for a Hobbs Act crime. *Id.*

The Government, in response, argues that a robbery occurring inside a private residence can constitute a Hobbs Act robbery. *See* Dkt. 109 at 4 ("Defendant's assertion that a robbery inside a private residence cannot, as a matter of law, constitute a Hobbs Act robbery is simply wrong."). The Government notes that "commercial activities in or near the home may have a significant cumulative effect upon interstate commerce," and thus the alleged robberies of private residences in the First Superseding Indictment may amount to Hobbs Act violations. *Id.* at 4. It further contends that the question of whether "the robbery affected interest commerce" is a "factual determination suited for trial." *Id.* at 4.

The Hobbs Act penalizes anyone who "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion … or commits or threatens physical violence to any person or property in furtherance of a plan or

purpose to do any thing in violation of this section." 18 U.S.C. § 1951(a); *see also United States v. Taylor*, 942 F.3d 205, 216 (4th Cir. 2019), *aff'd*, *Taylor v. United States*, 579 U.S. 301 (2016). The Act "speaks in broad language, manifesting a purpose to use all the constitutional power Congress has to punish interference with interstate commerce." *Stirone v. United States*, 361 U.S. 212, 215 (1960).

A Hobbs Act crime "has two elements: '(1) robbery or extortion, and (2) interference with commerce.'" *United States v. Taylor*, 754 F.3d 217, 222 (4th Cir. 2014), *aff'd*, 579 U.S. 301 (2016) (quoting *United States v. Tillery*, 702 F.3d 170, 174 (4th Cir. 2012)). To specifically prove a Hobbs Act robbery, the Government must show

> (1) that the defendant coerced the victim to part with property; (2) that the coercion occurred through the wrongful use of actual or threatened force, violence or fear or under color of official right; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce.

*United States v. Donahue*, 607 F. App'x 233, 234–35 (4th Cir. 2015) (citing *United States v. Reed*, 780 F.3d 260, 271 (4th Cir. 2015) (internal quotation marks and citation omitted)). To establish a conspiracy to commit a Hobbs Act robbery, the Government must "prove that the defendant agreed with at least one other person to commit acts that would satisfy the above three elements." *Id.* (citing *United States v. Buffey*, 899 F.2d 1402, 1403 (4th Cir.1990)).

For the interstate commerce element, the Government need only to "prove 'minimal' effect on interstate commerce." *Taylor*, 754 F.3d at 222 (citing *United States v. Spagnolo*, 546 F.2d 1117, 1119 (4th Cir. 1976)). Such "effect may be so minor as to be *de minimis* and may be demonstrated by 'proof of probabilities.'" *Id.* (quoting *United States v. Brantley*, 777 F.2d 159, 162 (4th Cir. 1985)) (internal citation omitted). The Fourth Circuit has held that the "aggregation principle [of the Commerce Clause of the United States Constitution] applies in the Hobbs Act context." *Id.* The aggregation principle allows for Congress to regulate private conduct that

impacts interstate commerce in the aggregate, pursuant to its powers under the Commerce Clause. *See, e.g.*, *Gonzales v. Raich*, 545 U.S. 1 (2005); *Wickard v. Filburn*, 317 U.S. 111 (1942). In determining whether a robbery has an effect on interstate commerce, a district court is not limited to "examin[ing] the effect of the individual action in question." *Taylor*, 754 F.3d at 222. Rather "it is sufficient that the 'relevant class of acts' has a measureable [sic] impact on interstate commerce." *Id.* (citation omitted).

A robbery occurring in a private residence can be sufficient to establish the interstate commerce element. *See Donahue*, 607 F. App'x at 235 (providing that "[t]he fact that a robbery occurred in a private residence does not necessarily defeat the interstate nexus …"); *see also Taylor*, 754 F.3d at 223 (noting that "it is not dispositive that the robberies involved the invasion of the victims' homes" because "[m]any businesses, including illegal drug enterprises, operate out of homes"). Ultimately, "the locus of the commercial activity is not the litmus test of a Hobbs Act violation." *Taylor*, 754 F.3d at 223.

To establish that a robbery occurring in a private residence has an effect on interstate commerce, the Government can show that (1) "the robbery depleted or attempted to deplete the assets of a business that affects interstate commerce," or (2) "the defendant deliberately targeted a business engaged in interstate commerce," which is commonly referred to as the targeting theory. *Id.* (citations omitted); *see also United States v. Thorpe*, 803 F. App'x 691, 693 (4th Cir.), *cert. denied*, 141 S. Ct. 177 (2020).

In *Taylor*, the Fourth Circuit found the evidence sufficient for a rational jury to conclude that a robbery of a private residence had an effect on interstate commerce. 754 F.3d at 224. In *Taylor*, the defendant stole money, jewelry, cell phones, and a marijuana cigarette from a victim that the defendant believed to be a drug dealer of marijuana. *Id.* The Court found that drug

7

dealing of marijuana "in the aggregate necessarily affects interstate commerce," and that the evidence was sufficient for a rational jury to conclude that the defendant either depleted assets of a business that affects interstate commerce or "*attempted* to steal drugs and drug proceeds." *Id.* at 224–25 (emphasis in original).

In *Thorpe*, the Fourth Circuit again held under the targeting theory that the evidence was sufficient to establish the interstate commerce element. 803 F. App'x at 693. Specifically, it found sufficient evidence to show that the defendants had targeted a night club promoter because they "believed that he took money from the night club home, instead of to a bank." *Id.* at 693. Accordingly, the Fourth Circuit concluded that the Government had shown the interstate commerce element because the Defendants "believed that the victim had money from the club in his possession." *Id.*

However, to be sure, not all robberies occurring in private residences satisfy the interstate commerce element. *See Taylor*, 754 F.3d at 226 (providing that "the reach of the Hobbs Act" has "limits"). For example, in a case relied upon by Defendant Brock and cited by the Fourth Circuit in *Taylor*, 754 F.3d at 226, the Sixth Circuit found that the interstate commerce element was not satisfied when the defendant was alleged to have robbed "private citizens in a private residence" of money despite the fact that some of the money stolen was found to "belong[] to a restaurant doing business in interstate commerce." *United States v. Wang*, 222 F.3d 234, 240 (6th Cir. 2000). Specifically, the Sixth Circuit emphasized that the Government in *Wang* had failed to show "a substantial connection between the robbery and the restaurant's business," and without such a showing, "there [was] no realistic probability that the aggregate of such crimes would substantially affect interstate commerce." *Id.* at 240.

In Defendant Brock's case, to survive a motion to dismiss for failure to state an offense, the First Superseding Indictment must provide the two elements for each charged Hobbs Act crime: "(1) robbery or extortion, and (2) interference with commerce." *Taylor*, 754 F.3d at 222. All six counts against Defendant Brock listed in the First Superseding Indictment, Dkt. 60, sufficiently allege facts supporting that the two elements of a Hobbs Act Crime existed. Counts One and Four (Conspiracy to Commit Hobbs Act Robbery) provide descriptions of conspiracy to commit a robbery and conspiracy to "unlawfully obstruct, delay, and affect and attempt to obstruct, delay, and affect commerce … and the movement of articles and commodities in commerce." Dkt. 60 ¶¶ 1 & 5. Counts Two and Five (Hobbs Act Robbery) provide allegations of a robbery and the "unlawfully obstruct, delay, and affect and attempt to obstruct, delay, and affect commerce … and the movement of articles and commodities in commerce." Dkt. 60 ¶¶ 3 & 9. Counts Three and Six (Use of a Firearm in the Commission of a Hobbs Act Robbery) allege that Defendant Brock "used, carried, and brandished a firearm" during the Hobbs Act robberies and "in furtherance of such crime[s]." Dkt. 60 ¶¶ 5 & 11. By referencing the Hobbs Act robberies in Counts One and Four and noting the use and brandishing of a firearm, Counts Three and Six sufficiently provide the essential elements of the charged offense.

In addition, the First Superseding Indictment sufficiently alleges facts supporting the presence of the interstate commerce element to survive a motion to dismiss. On a motion to dismiss, the Court must accept as true that the alleged robberies had an effect on commerce and "the movement of articles and commodities in commerce," as provided for in the First Superseding Indictment. Dkt. 60 ¶¶ 3, 9; *see Boyce Motor Lines*, 342 U.S. at 343 n.16. Because courts have found that a robbery in a private residence can be sufficient to establish an effect on interstate commerce, there are no grounds to dismiss the claim as failing to state an offense as a

matter of law. Indeed, Defendant Brock does not cite any Fourth Circuit authority that has dismissed an indictment for failure to satisfy the interstate commerce element of a Hobbs Act crime. Thus, the determination of whether the alleged robberies in private residences affected interstate commerce is a factual determination that should be decided at trial. *See Engle*, 676 F.3d at 415 (stating a district court should not dismiss an indictment based on "facts that should" be "developed at trial").

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss on grounds that it fails to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v).

B. **Claim for Motion to Dismiss for Lack of Specificity under Fed. R. Crim. P. 12(b)(3)(B)(iii)**

Defendant also argues that the First Superseding Indictment should be dismissed for lack of specificity under Fed. R. Crim. P. 12(b)(3)(B)(iii), *see* Dkt. 1 at 1, because it fails to provide sufficient details for Defendant to "adequately prepare a defense." Dkt. 115 at 9. Specifically, he claims that the First Superseding Indictment does not adequately describe the terms of "property" and "firearm." *Id.* at 6–9. Defendant, for example, notes that "firearm" could refer to "toy handguns" or "BB guns," *id.* at 9, and that the First Superseding Indictment does not specify what "property" was taken from the victims, *id.* at 7.

In its opposition memorandum, the Government argues that the First Superseding Indictment provides sufficient detail to "fairly inform the Defendant of the nature of the charges." Dkt. 109 at 4. It claims that the charged counts provide "the date, location, defendants, elements of the offense, and legal authority for offense" and "identif[ies] the victim and detail[s] how the robbery occurred." *Id.* at 4.

Here, the First Superseding Indictment sufficiently "alleges the essential elements of the offense." *Rendelman*, 641 F.3d at 44. As discussed above, each count informs the Defendant of

the essential elements of the Hobbs Act offenses. *See Palin*, 874 F.3d at 424 (internal quotations omitted) (noting an indictment is invalid if it fails to include every essential element of an offense).

The First Superseding Indictment also provides sufficient detail to "enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." *Rendelman*, 641 F.3d at 44. It provides the date, "[o]n or about August 20, 2021," the location, the Western District of Virginia, and identifies the victims, S.H.D., O.B., and J.H, of the alleged offenses. Dkt. 60. The First Superseding Indictment sufficiently details the elements of the Hobbs Act crimes and does not need to describe in detail the particular property allegedly stolen. *See generally Rendelman*, 641 F.3d at 44. For example, model federal jury instructions for robbery or attempted robbery in violation of 18 U.S.C. § 1951 do not require a description of property for the essential elements. *See* Model Crim. Jury Instr. 9th Cir. 9.8 (2022); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, 18 U.S.C. § 1951 (2020 Online Edition).

Counts Three and Six, which charge that a firearm was used in the commission and furtherance of the Hobbs Act robberies, sufficiently put the accused on notice of the alleged offenses. Defendant does not cite any authority that holds that an indictment needs to specify the particular firearm carried or used to sufficiently allege a violation of 18 U.S.C. § 924(c). Nor is there any charge in the indictment that the Defendant has possessed a specific type of firearm that would give rise to increased punishment. *See* 18 U.S.C. § 924(c)(1)(B) (describing increased punishments for carrying short-barreled shotguns, semiautomatic assault weapons or machine guns).

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss for lack of specificity under Fed. R. Crim. P. 12(b)(3)(B)(iii).

### C. Claim for Motion to Dismiss for Lack of Jurisdiction under Fed. R. Crim. P. 12(b)(2)

Lastly, Defendant argues that the First Superseding Indictment should be dismissed because the Court lacks jurisdiction under Fed. R. Crim. P. 12(b)(2). He claims that the First Superseding Indictment fails to provide how the Defendant's alleged robberies interfered with interstate commerce, an element of a Hobbs Act crime. *See* Dkt. 66 at 4-6.

A motion to dismiss for lack of jurisdiction "may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). A district court maintains subject-matter jurisdiction "[s]o long as the indictment 'charges the defendant with violating a valid federal statute in the United States Code'" and alleges an "'offense against the laws of the United States.'" *United States v. Thomas*, No. 7:16-CR-00017-4, 2020 WL 3001050, at *6 (W.D. Va. June 4, 2020) (citing *United States v. Brown*, 752 F.3d 1344, 1353–54 (11th Cir. 2014)) (citation omitted). "[D]efects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002); *see also United States v. Carr*, 303 F.3d 539, 543 (4th Cir. 2002) (noting that defendant's lawyer conceded that "the defect in the indictment did not deprive the district court of jurisdiction").

Here, all six counts in the First Superseding Indictment allege that Defendant violated the Hobbs Act, a federal statute, and provide the essential elements of the offenses. *See* Dkt. 60. Because the First Superseding Indictment "'charges Defendant with violating a valid federal statute in the United States Code,'" and thus "alleges an 'offense against the laws of the United States,'" the Court has jurisdiction to adjudicate the case. *Thomas*, 2020 WL 3001050, at *6 (citation omitted).

Thus, the Court **DENIES** Defendant's Motion to Dismiss on grounds that the Court lacks jurisdiction under Fed. R. Crim. P. 12(b)(2).

## V. Conclusion

In sum, the Court **DENIES** Defendant's motion to dismiss, Dkt. 66.

The Clerk of Court is directed to send a copy of this memorandum opinion & order to all counsel of record.

Entered this   14th   day of September 2022.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE